1

2

3

4

5

6

7

UNITED STATES DISTRICT COURT
8
WESTERN DISTRICT OF WASHINGTON
9
AT TACOMA

10   FREDA LYNN CURRIER,

11                    Plaintiff,                    CASE NO. 14-cv-05467 JRC

12          v.                                      ORDER ON PLAINTIFF'S
                                                    COMPLAINT
13
     CAROLYN W. COLVIN, Acting
14   Commissioner of the Social Security
     Administration,
15
                     Defendant.
16

17          This Court has jurisdiction pursuant to 28 U.S.C. § 636(c), Fed. R. Civ. P. 73 and

18   Local Magistrate Judge Rule MJR 13 (*see also* Notice of Initial Assignment to a U.S.

19   Magistrate Judge and Consent Form, Dkt. 4; Consent to Proceed Before a United States

20   Magistrate Judge, Dkt. 5). This matter has been fully briefed (*see* Dkt. 16, 17).

21          After considering and reviewing the record, the Court concludes that the ALJ did

22   not err in evaluating plaintiff's severe impairments, the medical evidence, or plaintiff's

23   testimony. Thus, the ALJ did not err in assessing plaintiff's residual functional capacity

24

("RFC") and finding plaintiff capable of work. Therefore, this matter is affirmed pursuant to sentence four of 42 U.S.C. § 405(g).

BACKGROUND

Plaintiff, FREDA LYNN CURRIER, was born in 1965 and was 45 years old on the alleged date of disability onset of August 1, 2010 (*see* AR. 208-09, 210-15). Plaintiff obtained her GED and has had on the job training and attended technical college (AR. 41). Plaintiff worked mostly through temporary work services and has cashiered, worked in a warehouse, been a bell ringer over the holidays, and has provided childcare services for her daughter (AR. 41, 46-67, 299-310). She quit her last job because "they weren't doing their jobs right" (AR. 42).

According to the ALJ, plaintiff has at least the severe impairments of "degenerative disc disease of the lumbar spine with spondylosis, obesity (20 CFR 404.1520(c) and 416.920(c))" (AR. 18).

At the time of the hearing, plaintiff was staying nights in a shelter (AR. 40, 45).

PROCEDURAL HISTORY

Plaintiff's applications for disability insurance ("DIB") benefits pursuant to 42 U.S.C. § 423 (Title II) and Supplemental Security Income ("SSI") benefits pursuant to 42 U.S.C. § 1382(a) (Title XVI) of the Social Security Act were denied initially and following reconsideration (*see* AR. 65-73, 74-82, 85-93, 94-102). Plaintiff's requested hearing was held before Administrative Law Judge Cynthia D. Rosa ("the ALJ") on February 20, 2013 (*see* AR. 35-55). On March 11, 2013, the ALJ issued a written

decision in which the ALJ concluded that plaintiff was not disabled pursuant to the Social

Security Act (*see* AR. 12-34).

Plaintiff raises the following issues: (1) Did the ALJ consider all evidence of

plaintiff's impairments, both at step two of the sequential evaluation process and, as

required, thereafter; (2) Did the ALJ reasonably evaluate the medical evidence in the

record; and (3) Did the ALJ provide valid reasons, supported by substantial evidence, for

finding that plaintiff's self-reported symptoms and limitations lacked credibility (*see* Dkt.

16 and Defendant's Brief, Dkt. 17, pp. 1-2).[1]

## STANDARD OF REVIEW

Pursuant to 42 U.S.C. § 405(g), this Court may set aside the Commissioner's

denial of social security benefits if the ALJ's findings are based on legal error or not

supported by substantial evidence in the record as a whole. *Bayliss v. Barnhart*, 427 F.3d

1211, 1214 n.1 (9th Cir. 2005) (*citing Tidwell v. Apfel*, 161 F.3d 599, 601 (9th Cir.

1999)).

---

[1] Plaintiff also includes in her Opening Brief her choice to avail herself of her
rights under the 5th Amendment of the Constitution (*see* Opening Brief, Dkt. 16, p. 2).
None of the rights afforded by the 5th Amendment in criminal proceedings are applicable
in this case, and plaintiff does not develop an argument that due process was denied.
Therefore, this section of plaintiff's brief does not assert any error for this Court to
review. *See Carmickle v. Commissioner of Social Sec. Admin.*, 533 F.3d 1155, 1161 n.2
(9th Cir. 2008) (issue not argued with specificity in briefing will not be addressed).

<u>DISCUSSION</u>

(1)    **Did the ALJ consider all evidence of plaintiff's impairments, both at step two of the sequential evaluation process and, as required, thereafter?**

Plaintiff contends that the ALJ erred in failing to consider all of the evidence of her impairments (*see* Opening Brief, Dkt. 16, p. 1).

Step two of the administration's evaluation process requires the ALJ to determine if the claimant "has a medically severe impairment or combination of impairments." *Smolen v. Chater*, 80 F.3d 1273, 1289-90 (9th Cir. 1996) (citation omitted); 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii) (1996). The ALJ "must consider the combined effect of all of the claimant's impairments on her ability to function, without regard to whether [or not] each alone was sufficiently severe." *Smolen, supra*, 80 F.3d at 1290 (citations omitted). The step-two determination of whether or not a disability is severe is merely a threshold determination, raising potentially only a "prima facie case of a disability." *Hoopai v. Astrue*, 499 F.3d 1071, 1076 (9th Cir. 2007) (*citing Tackett v. Apfel*, 180 F.3d 1094, 1100 (9th Cir. 1999)). The step-two analysis is "a *de minimis* screening device to dispose of groundless claims."*Smolen, supra,* 80 F.3d at 1290 (*citing Bowen v. Yuckert*, 482 U.S. 137, 153-54 (1987)).

Here, the ALJ found that plaintiff had the severe impairments of degenerative disc disease of the lumbar spine with spondylosis and obesity based on plaintiff's MRIs and clinical examinations of range of motion (*see* AR. 18). Once step two is resolved in a claimant's favor, the issue becomes whether the evidence establishes any work-related limitations beyond those assessed by the ALJ. *Hoopai, supra,* 499 F.3d at 1076. The ALJ

stated that she accounted for limitations imposed by plaintiff's severe impairments in finding that plaintiff is not capable of performing more than light work with additional postural and environmental limitations (*see* AR. 24). Plaintiff argues that medical evidence and her own complaints of pain establish further limitations (*see* Opening Brief, Dkt. 16, p. 1). However, as discussed further below, the ALJ did not err in discounting the medical evidence or plaintiff's credibility.

The ALJ found that several other impairments were not severe because they either did not significantly affect plaintiff's ability to work or did not last for at least twelve continual months (*see* AR. 18-20). *See* 20 C.F.R. §§ 404.1505(a), 404.1512(a) and (c), 416.905(a), 416.912(a) and (c); *Yuckert, supra*, 482 U.S. at 146 (claimant bears the burden to establish by a preponderance of the evidence the existence of a severe impairment that prevented performance of substantial gainful activity and that this impairment lasted for at least twelve continuous months). Plaintiff does not argue with any specificity which medical conditions she believes have been overlooked (*see* Opening Brief, Dkt. 16, p. 1). *See Carmickle, supra*, 533 F.3d at 1161 n.2 (9th Cir. 2008) (issue not argued with specificity in briefing will not be addressed). Regardless, a review of the medical record does not reveal significant impairments that the ALJ failed to address. Therefore, the ALJ did not err in assessing plaintiff's impairments at step two and, as required, thereafter.

(2)    **Did the ALJ reasonably evaluate the medical evidence in the record?**

Plaintiff contends that the ALJ erred in evaluating the statements of doctors in the record (*see* Opening Brief, Dkt. 16, p. 1). However, the ALJ provided legally sufficient reasons for discounting the opinions of plaintiff's treating physicians.

The ALJ is responsible for determining credibility and resolving ambiguities and conflicts in the medical evidence. *Reddick v. Chater*, 157 F.3d 715, 722 (9th Cir. 1998) (*citing Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995)). Determining whether or not inconsistencies in the medical evidence "are material (or are in fact inconsistencies at all) and whether certain factors are relevant to discount" the opinions of medical experts "falls within this responsibility." *Morgan v. Comm'r of Soc. Sec. Admin.*, 169 F.3d 595, 603 (9th Cir. 1999)). If the medical evidence in the record is not conclusive, sole responsibility for resolving conflicting testimony and questions of credibility lies with the ALJ. *Sample v. Schweiker*, 694 F.2d 639, 642 (9th Cir. 1982) (*quoting Waters v. Gardner*, 452 F.2d 855, 858 n.7 (9th Cir. 1971) (*citing Calhoun v. Bailar*, 626 F.2d 145, 150 (9th Cir. 1980))).

It is not the job of the court to reweigh the evidence; if the evidence "is susceptible to more than one rational interpretation," including one that supports the decision of the Commissioner, the Commissioner's conclusion "must be upheld." *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002) (*citing Morgan, supra,* 169 F.3d at 599, 601).  The reviewing court is "not deprived of [its] faculties for drawing specific and legitimate inferences from the ALJ's opinion." *Magallanes v. Bowen*, 881 F.2d 747, 755 (9th Cir. 1989). "Magic words" on the part of an ALJ are not required when the court can glean

1   easily the meaning of the ALJ's findings. *See id.* Similarly, the ALJ may "draw

2   inferences logically flowing from the evidence." *Sample, supra*, 694 F.2d at 642 (*citing*

3   *Beane v. Richardson*, 457 F.2d 758 (9th Cir. 1972); *Wade v. Harris*, 509 F. Supp. 19, 20

4   (N.D. Cal. 1980)). However, an ALJ may not speculate. *See* Social Security Ruling

5   ("SSR") 86-8, 1986 SSR LEXIS 15 at *22.

6       The ALJ must provide "clear and convincing" reasons for rejecting the

7   uncontradicted opinion of either a treating or examining physician or psychologist.

8   *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1996) (*citing Embrey v. Bowen*, 849 F.2d

9   418, 422 (9th Cir. 1988); *Pitzer v. Sullivan*, 908 F.2d 502, 506 (9th Cir. 1990)). But when

10  a treating or examining physician's opinion is contradicted, that opinion can be rejected

11  "for specific and legitimate reasons that are supported by substantial evidence in the

12  record." *Lester, supra*, 81 F.3d at 830-31 (*citing Andrews, supra*, 53 F.3d at 1043;

13  *Murray v. Heckler*, 722 F.2d 499, 502 (9th Cir. 1983)). The ALJ can accomplish this by

14  "setting out a detailed and thorough summary of the facts and conflicting clinical

15  evidence, stating his interpretation thereof, and making findings." *Reddick, supra*, 157

16  F.3d at 725 (*citing Magallanes, supra*, 881 F.2d at 751).

17      Here, the ALJ gave little weight to the opinion of Dr. Stephen Cook, M.D.,

18  because his assessments "were based solely on the claimant's report" (*see* AR. 25).

19  According to the Ninth Circuit, "[an] ALJ may reject a treating physician's opinion if it is

20  based 'to a large extent' on a claimant self-reports that have been properly discounted as

21  incredible." *Tommasetti v. Astrue*, 533 F.3d 1035, 1041 (9th Cir. 2008) (*quoting Morgan,*

22  *supra*, 169 F.3d at 602 (*citing Fair v. Bowen*, 885 F.2d 597, 605 (9th Cir. 1989))). As

noted by the ALJ, the limitations assessed by Dr. Cook that exceeded plaintiff's RFC were all specifically marked as per plaintiff's reports (*see* AR. 468, 663, 667). Dr. Cook later reiterated that his assessments limiting plaintiff to sedentary work were based solely on plaintiff's reports (*see* AR. 557). Because the ALJ properly discounted plaintiff's self-reports (as discussed below), the ALJ's reason for discounting Dr. Cook's opinion was specific, legitimate, and supported by substantial evidence.

Next, the ALJ gave little weight to the opinion of Dr. Catherine Bedford Wilke, M.D., because her check-the-box form provided insufficient explanation for her conclusions and her testing did not support the limitations assessed (*see* AR. 25-26). However, Dr. Bedford Wilke indicated that plaintiff had capabilities greater than those that the ALJ ultimately found (*compare* AR. 772 *with* AR. 20). Therefore, any error in evaluating the opinion is harmless because plaintiff was found not to be disabled with an RFC more restrictive than that opined by Dr. Bedford Wilke. *See Molina v. Astrue*, 674 F.3d 1104, 1115 (9th Cir. 2012) (ALJ's error is harmless where it is inconsequential to the ultimate nondisability determination).

> (3)     **Did the ALJ provide valid reasons, supported by substantial evidence, for finding that plaintiff's self-reported symptoms and limitations lacked credibility?**

Plaintiff contends that the ALJ erred in evaluating the credibility of her complaints (*see* Opening Brief, Dkt. 16, p. 2). However, the ALJ provided legally sufficient reasons for discounting plaintiff's testimony.

If the medical evidence in the record is not conclusive, sole responsibility for resolving conflicting testimony and questions of credibility lies with the ALJ. *Sample,*

*supra*, 694 F.2d at 642 (*citing Waters, supra*, 452 F.2d at 858 n.7 (*Calhoun, supra*, 626 F.2d at 150). An ALJ is not "required to believe every allegation of disabling pain" or other non-exertional impairment. *Fair, supra*, 885 F.2d at 603 (*citing* 42 U.S.C. § 423(d)(5)(A) (other citations and footnote omitted)). Even if a claimant "has an ailment reasonably expected to produce *some* pain; many medical conditions produce pain not severe enough to preclude gainful employment." *Fair, supra*, 885 F.2d at 603. The ALJ may "draw inferences logically flowing from the evidence." *Sample, supra*, 694 F.2d at 642 (*citing Beane, supra*, 457 F.2d at 758; *Wade v. Harris*, 509 F. Supp. 19, 20 (N.D. Cal. 1980)). However, an ALJ may not speculate. *See* SSR 86-8, 1986 SSR LEXIS 15 at *22.

Nevertheless, the ALJ's credibility determinations "must be supported by specific, cogent reasons." *Reddick, supra*, 157 F.3d at 722 (*citing Bunnell v. Sullivan*, 947 F.2d 341, 343, 346-47 (9th Cir. 1991) (*en banc*)). In evaluating a claimant's credibility, the ALJ cannot rely on general findings, but "'must specifically identify what testimony is credible and what evidence undermines the claimant's complaints.'" *Greger v. Barnhart*, 464 F.3d 968, 972 (9th Cir. 2006) (*quoting Morgan, supra*, 169 F.3d at 599); *Reddick, supra*, 157 F.3d at 722 (citations omitted); *Smolen, supra*, 80 F.3d at 1284 (citation omitted).

If an ALJ rejects the testimony of a claimant once an underlying impairment has been established, the ALJ must support the rejection "by offering specific, clear and convincing reasons for doing so." *Smolen, supra*, 80 F.3d at 1284 (*citing Dodrill v. Shalala*, 12 F.3d 915, 918 (9th Cir. 1993)); *see also Burrell v. Colvin*, 775 F.3d 1133,

1137 (9th Cir. 2014) ("There is no conflict in the caselaw, and we reject the

government's argument that *Bunnell* excised the "clear and convincing" requirement");

*Reddick, supra*, 157 F.3d at 722 (*citing Bunnell, supra*, 947 F.2d at 343, 346-47); *Brown-*

*Hunter v. Colvin,* No. 13-15213, 2015 U.S. App. LEXIS 13560 at *14 (9th Cir. August 4,

2015). As with all of the findings by the ALJ, the specific, clear and convincing reasons

also must be supported by substantial evidence in the record as a whole. 42 U.S.C. §

405(g); *see also Bayliss, supra*, 427 F.3d at 1214 n.1 (*citing Tidwell, supra*, 161 F.3d at

601).

At the hearing, plaintiff testified that back pain prevented her from being able to

work (*see* AR. 47). Specifically, she stated that she had trouble bending, could walk for

only fifteen minutes before needing a five-minute rest and could not walk long distances

often, and could not sit for longer than five or ten minutes without needing to get up and

walk around (*see* AR. 47-49).

The ALJ found that plaintiff's impairments could reasonably be expected to

produce the symptoms alleged but that her statements concerning the intensity,

persistence, and limiting effects of the symptoms were not credible (*see* AR. 21). The

ALJ discounted plaintiff's credibility because her testimony was not consistent with the

treatment record, she failed to follow treatment recommendations, she failed to report

symptoms, and her activities showed that she was not as restricted as she alleged (*see*

AR. 21-24).

First, failure to assert a good reason for not seeking, or following a prescribed

course of, treatment, or a finding that a proffered reason is not believable, "can cast doubt

1  on the sincerity of the claimant's pain testimony." *Fair, supra*, 885 F.2d at 603. A

2  claimant's statements, therefore, "may be less credible if the level or frequency of

3  treatment is inconsistent with the level of complaints, or the medical reports or records

4  show that the individual is not following the treatment as prescribed or there are no good

5  reasons for their failure." SSR 96-7p, 1996 WL 374186 *7. Here, the ALJ noted that

6  there is no evidence that plaintiff followed Dr. Cook's recommendation that she see a

7  podiatrist after complaining of foot pain (*see* AR. 23, 712).

8       Also, regarding activities of daily living, the Ninth Circuit repeatedly has "asserted

9  that the mere fact that a plaintiff has carried on certain daily activities  . . . .  does not in

10  any way detract from her credibility as to her overall disability." *Orn v. Astrue*, 495 F.3d

11  625, 639 (9th Cir. 2007) (*quoting Vertigan v. Halter*, 260 F.3d 1044, 1050 (9th Cir.

12  2001)). The Ninth Circuit specified "the two grounds for using daily activities to form the

13  basis of an adverse credibility determination: (1) whether or not they contradict the

14  claimant's other testimony and (2) whether or not the activities of daily living meet "the

15  threshold for transferable work skills." *Orn, supra*, 495 F.3d at 639 (*citing Fair, supra*,

16  885 F.2d at 603). Here, the ALJ noted that plaintiff had testified to several activities that

17  contradicted her claimed limitations (*see* AR. 24). Plaintiff testified that she bathed pets,

18  went shopping, drove, rode the bus, walked often, and cared for her grandchildren during

19  the period of alleged disability (*see* AR. 42, 288, 290, 705). These activities are

20  inconsistent with her alleged inability to bend, walk long distances, or sit or stand for ten

21  minutes without needing to move around. Therefore, the ALJ had sufficient clear and

22  convincing reasons to discount plaintiff's credibility. *See Tonapetyan v. Halter*, 242 F.3d

1  1144, 1148 (9th Cir. 2001) (that some of the reasons for discrediting a claimant's

2  testimony were in error does not render the ALJ's determination invalid, as long as that

3  determination is supported by substantial evidence).

CONCLUSION

Based on these reasons and the relevant record, the Court **ORDERS** that this

matter be **AFFIRMED** pursuant to sentence four of 42 U.S.C. § 405(g).

**JUDGMENT** should be for **defendant** and the case should be closed.

Dated this 22nd day of September, 2015.

J. Richard Creatura
United States Magistrate Judge